UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

|  |  |  |
|---|---|---|
| HMTX INDUSTRIES LLC, <br> HALSTEAD NEW ENGLAND CORP., <br> METROFLOR CORPORATION, and <br> JASCO PRODUCTS COMPANY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; <br> OFFICE OF THE UNITED STATES TRADE <br> REPRESENTATIVE; ROBERT E. LIGHTHIZER, <br> U.S. TRADE REPRESENTATIVE; <br> U.S. CUSTOMS & BORDER PROTECTION; and <br> MARK A. MORGAN, U.S. CUSTOMS & BORDER <br> PROTECTION ACTING COMMISSIONER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Court No. 20-00177 |

MOTION OF THE UNITED STATES
FOR CASE MANAGEMENT PROCEDURES

Defendants, the United States of America, the Office of the United States Trade Representative (USTR), Robert E. Lighthizer, U.S. Trade Representative, U.S. Customs and Border Protection (CBP), and Mark A. Morgan, U.S. Customs and Border Protection Acting Commissioner (collectively, United States or Government), respectfully request the Court to adopt case management procedures to administer a large and growing number of related cases initiated since September 10, 2020. We file this motion in the first of these cases to be filed but

respectfully ask that our motion be deemed to be filed in each of the other related cases. To our knowledge, no Judge or Judges have yet been assigned to these cases.

All of these cases challenge tariffs imposed by USTR at the direction of the President in the Section 301 investigation concerning China. *See Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 47,974 (Sept. 21, 2018 (List 3)); *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related* Case *to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 43,304, Annex A (Aug. 20, 2019) (List 4A). Specifically, based upon our initial review of the complaints, plaintiffs in all of these cases contest tariffs imposed by "List 3" or "List 4A" (the lists) on the grounds that the action was allegedly unauthorized by Section 301.

Plaintiffs assert that the Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(B), which confers "exclusive jurisdiction" to the Court over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 U.S.C. § 1581(i)(1)(B). Plaintiffs assert that their summonses and complaints are timely and acknowledge that their actions must be commenced under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

As of September 22, 2020, approximately 3,400 summonses and complaints have been filed. We anticipate that the volume will continue to increase, as the lists cover a substantial quantity of merchandise imported from China and continue to be in effect.

Based upon our experience with mass litigation in this and other Courts, we respectfully request that the Court convene a conference at its earliest convenience to discuss case management procedures. Topics that, in our view, would be appropriate for discussion at a case management conference include:

- **Steering Committees.** The Court may wish to consider establishing a Plaintiffs' Steering Committee as part of an initial set of case management procedures. The use of a Plaintiffs' Steering Committee worked well in the Harbor Maintenance Tax (HMT) cases to enhance coordination and reduce duplication. We note that the first three complaints were filed by members of the private bar who are well-experienced and known to the Court: Matthew Nicely of Akin Gump Strauss Hauer & Feld LLP (current President of the Customs and International Trade Bar Association); Lawrence Friedman of Barnes, Richardson & Colburn, LLP (former President of Customs and International Trade Bar Association); and Joseph M. Sparagen of Grunfeld, Desiderio Lebowitz, Silverman & Klestadt LLP. Should the Court wish to designate a Defendants' Steering Committee, that Committee would consist of the Government's counsel in these cases (currently, the counsel identified in the signature block below).

- **Assignment of all related cases to the same Judge**. This procedure was used in the HMT cases and, in our view, would be more efficient in dealing with issues of procedure. .

- **Selection of test case or cases.** Given that the cases appear to be identical or substantially similar, the Court could select a test case (or cases if there are variations) for adjudication. In the HMT cases, the first case to be filed was selected as the test case. After it was adjudicated, plaintiffs with additional or different claims proceeded as secondary test cases.

- **Immediate stay of all related cases upon filing of the summons and complaint**.  Until the Court determines how to process these cases, we respectfully request a blanket stay upon filing of each summons and complaint.  This procedure was adopted in the HMT cases.  Otherwise, the Government will file motions for a stay in each case, and the Court will be required to rule on thousands of motions.  Absent a stay, the Government will have to file motions for enlargement to respond to such a vast number of complaints, again requiring the Court to rule on numerous identical motions.  And, absent a stay, even filing notices of appearances in all cases will impose a significant burden on the Government.  The Court could adopt a procedure that would allow a plaintiff that has a claim not covered by the test case or cases to request relief from the stay.

- **Procedures to allow participation in the test case or cases**.  The Court could allow counsel that are not representing parties in the test case to file short briefs *amicus curiae* after the main briefs are submitted by the test plaintiffs.  We would request that counsel for *amicus* incorporate by reference arguments already made by counsel for the test plaintiffs and, instead, focus on any additional arguments they wish to be considered.

- **A schedule for briefing and oral argument.**  Once a test case or test cases have been selected, the Steering Committees could propose a joint or individual briefing schedule for further proceedings for consideration by and perhaps for discussion with the Court as part of the case management process.

- **Other issues**.  We recognize that the plaintiffs and the Court, including the Clerk of the Court, likely will wish to raise other case management issues, including interim relief.  By highlighting those that, in our experience, are likely to be most significant, at least at the outset, we are not suggesting that other issues do not warrant attention.

For these reasons, we respectfully request that the Court convene a case management conference and adopt appropriate case management procedures to streamline and reduce the costs and burdens imposed by the massive number of related complaints.  The Government stands ready to participate and assist in any way possible.

    Respectfully submitted,

    JEFFREY BOSSERT CLARK
    Acting Assistant Attorney General

    JEANNE E. DAVIDSON
    Director

    /s/ L. Misha Preheim
    L. MISHA PREHEIM
    Assistant Director
    JUSTIN R. MILLER
    Attorney-In-Charge,
    International Trade Field Office

| | |
|---|---|
| OF COUNSEL: | /s/ Elizabeth Anne Speck |
| | ELIZABETH ANNE SPECK |
| MEGAN GRIMBALL | Senior Trial Counsel |
| Associate General Counsel | SOSUN BAE |
| PHILLIP BUTLER | Senior Trial Counsel |
| Associate General Counsel | |
| Office of General Counsel | ANN C. MOTTO |
| Office of the U.S. Trade Representative | JAMIE L. SHOOKMAN |
| 600 17th Street N.W. | MONICA P. TRIANA |
| Washington, D.C., 20508 | Trial Attorneys |
| | Commercial Litigation Branch |
| PAULA SMITH | Civil Division |
| Assistant Chief Counsel | Department of Justice |
| EDWARD MAURER | P.O. Box 480 |
| Deputy Assistant Chief Counsel | Ben Franklin Station |
| VALERIE SORENSON-CLARK | Washington, D.C. 20044 |
| Attorney | Tel:  202-307-0369 |
| Office of the Assistant Chief Counsel | Fax:  202-514-1059 |
| International Trade Litigation | elizabeth.speck@usdoj.gov |
| U.S. Customs and Border Protection | |
| 26 Federal Plaza, Room 258 | |
| New York, NY 10278 | |
| | |
| September 23, 2020 | *Attorneys for Defendants* |