UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

_____

|  |  |
|---|---|
| HMTX INDUSTRIES LLC, | ) |
| HALSTEAD NEW ENGLAND CORP., | ) |
| METROFLOR CORPORATION, and | ) |
| JASCO PRODUCTS COMPANY LLC, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | )    Court No. 20-00177 |
|  | ) |
| UNITED STATES OF AMERICA; | ) |
| OFFICE OF THE UNITED STATES TRADE | ) |
| REPRESENTATIVE; ROBERT E. LIGHTHIZER, | ) |
| U.S. TRADE REPRESENTATIVE; | ) |
| U.S. CUSTOMS & BORDER PROTECTION; and | ) |
| MARK A. MORGAN, U.S. CUSTOMS & BORDER | ) |
| PROTECTION ACTING COMMISSIONER, | ) |
|  | ) |
| Defendants. | ) |
| | ) |

_____

PLAINTIFFS' RESPONSE TO MOTION
FOR CASE MANAGEMENT PROCEDURES

Plaintiffs HMTX Industries, LLC, Halstead New England Corp., Metroflor Corporation, and Jasco Products Company LLC respectfully submit this response to Defendants' request for the Court to adopt case management procedures.  In the main, Plaintiffs embrace Defendants' proposal, including Defendants' request (i) for a prompt case management conference, (ii) for an immediate stay of all related cases, (iii) for selection of a test case (which, as in the harbor maintenance tax ("HMT") cases, should be this representative first-filed case), (iv) for amicus participation by additional parties, and (v) for consideration of the appointment of a Plaintiffs' Steering Committee that includes undersigned counsel.

Plaintiffs set forth two additional points for consideration at the case management conference:

- **Stipulation on refunds.**  The government's motion refers to potential "interim relief." Mot. 4.  That reference alludes to potential concerns of Plaintiffs about the availability of refunds after liquidation.  This Court and the Federal Circuit have made clear in recent cases (including based on government stipulations) that "the finality of the entries' liquidation . . . is no bar to the Court's ordering appropriate relief"—including refunds of duties paid.  *J. Conrad LTD v. United States*, --- F. Supp. 3d ---, 2020 WL 2848233 (2020); *see Sumecht NA, Inc. v. United States*, 923 F.3d 1340, 1348 (Fed. Cir. 2019) (noting estoppel effect of government's representation that importer "would be entitled to refunds plus interest on any overpayments").  Because thousands of plaintiffs have filed suit— many of whose entries have already liquidated or will liquidate soon—it is important to confirm at the outset that the government will stipulate, as it has in other cases, that a refund remedy is available should plaintiffs prevail.  Such a stipulation (or other appropriate "interim relief") would avoid placing the burden on the Court of having to resolve potentially "thousands" of "identical motions" for preliminary injunctions on liquidation issues.  Mot. 4.  Such relief is critical to ensuring that these cases are handled efficiently, effectively, and with the least administrative burden possible.

- **Assignment of this case to a three-judge panel.**  This Court should consider convening a three-judge panel rather than assigning this case (as the test case) to a single judge.  That would be the most appropriate course under the standards governing "three-judge trials." 28 U.S.C. § 255.  The deluge of filings in this Court demonstrates that this case "has broad or significant implications in the administration or interpretation of the customs laws."  28

U.S.C. § 255(a)(2); *see* USCIT R. 77(e)(2).   Although Plaintiffs do not assert a

constitutional claim, *see* 28 U.S.C. § 255(a)(1), this action implicates significant issues of

congressional and presidential authority, as well as principles of constitutional avoidance.

Notably, the principal merits issues in the HMT cases were decided by a three-judge panel.

*See U.S. Shoe Corp. v. United States*, Docket No. 94-11-668 (filed 1994).

\*\*\*\*\*

Plaintiffs look forward to addressing these and other issues at a case management

conference at the Court's earliest opportunity.

Respectfully submitted,

September 24, 2020

Matthew R. Nicely
Pratik A. Shah
James E. Tysse
Devin S. Sikes
Daniel M. Witkowski
Sarah B. W. Kirwin

AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, D.C. 20006

*Counsel to Plaintiffs HMTX Industries LLC, Halstead*
*New England Corporation, Metroflor Corporation,*
*and Jasco Products Company LLC*