# UNITED STATES COURT OF INTERNATIONAL TRADE

Before: Unassigned

| | |
|---|---|
| 3A COMPOSITES USA INC. et al, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER, <br><br> Defendants. | Ct. No. 20-1646 |
| FLEXFAB HORIZONS INTERNATIONAL INC. AND ITS WHOLLY-OWNED SUBSIDIARY FLEXFAB LLC et al, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER, <br><br> Defendants. | Ct. No. 20-3350 |

1

| | |
|---|---|
| HMTX INDUSTRIES LLC, HALSTEAD NEW ENGLAND CORP., METROFLOR CORPORATION, AND JASCO PRODUCTS COMPANY LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER,<br><br>                              Defendants. | Ct. No. 20-177 |

## RESPONSE AND OPPOSITION TO THE MOTION OF THE UNITED STATES FOR CASE MANAGEMENT PROCEDURES

On behalf of the above-captioned Plaintiffs in Case Nos. 20-1646 and 20-3350, we hereby file this Response and Opposition to the Motion of the United States for Case Management Procedures in HMTX Industries LLC v. United States et al., Case No. 20-00177 ("HMTX case").  We are filing this Response both in the HMTX case and in the above-mentioned cases in which we represent other Plaintiffs, due to the nature of the highly irregular filing by the U.S. Department of Justice ("DOJ").

We note first that the Government's Motion was not served on us or otherwise placed on the record of the above-mentioned cases where we represent Plaintiffs, as required by the rules of this Court.  USCIT Rules 5(a) and 5(b)(1).  Instead, DOJ believes that it is enough to "respectfully ask that our motion be deemed to be filed in each of the related cases" without filing in those cases and without service on the parties to those cases.  DOJ further fails to

2

identify which cases it believes are those "related cases." We only became aware of this Motion late yesterday when there was a reference to it in the trade press, at which time we retrieved a copy of the Government's Motion in the HMTX case from the Court's docket in that separate case. There is no explanation in the Motion as to why the Government believes it needs to rush to put the procedures it suggests in place, or why its failure to follow the Court's rules is justified. Based on the failure of the Government to properly serve and file its Motion we believe that the Motion should be summarily denied as improperly filed.

      With regard to the substance of the Government's Motion, we, and we assume many other counsel, fully recognize the case management issues that the Court now faces and agree that a conference should be convened to address the procedural issues. However, the designation of a test case or test cases will depend upon the nature of the complaints that have been filed, and whether all complaints are virtually identical or are different in material respects. DOJ makes no claim that it knows how similar or dissimilar the complaints are and provides no analysis for the conclusion that they should be treated alike. Moreover, without knowing the substantive similarities or differences among the cases, it is premature to select which attorneys should be on any steering committee. In our view, any conference on these matters should not be scheduled until at least 10 days from today in order to give counsel sufficient time to review and analyze all of the issues in the complaints in an organized fashion, so that counsel can have a fruitful and fact-based discussion of the appropriate procedures for managing this group of cases.

      In short, while we agree that there will need to be special procedures put in place for this group of cases, the Government's rush to put procedures in place without full input of all of the parties to the cases, and without full consideration of the facts, should be rejected. Thus, the Government Motion should be denied.

Respectfully submitted,

_____
Jeffrey S. Neeley
Nithya Nagarajan
Cortney O. Morgan
Robert D. Stang
Beau Jackson
Stephen W. Brophy
Joseph S. Diedrich

Husch Blackwell LLP
*Counsel to Plaintiffs*