# UNITED STATES COURT OF INTERNATIONAL TRADE

Before: Unassigned

| | |
|---|---|
| GHSP, INC.<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER,<br><br>　　　　　　　　　　　　Defendants. | Ct. No. 20-1148 |
| BROSE BELVIDERE, INC., BROSE JEFFERSON, INC., BROSE NEW BOSTON, INC., BROSE NORTH AMERICA, INC., BROSE SPARTANBURG, INC. and BROSE TUSCALOOSA, INC.<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER,<br><br>　　　　　　　　　　　　Defendants. | Ct. No. 20-3152 |

| | |
|---|---|
| 3A COMPOSITES USA INC. et al, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER, <br><br> Defendants. | Ct. No. 20-1646 |
| FLEXFAB HORIZONS INTERNATIONAL INC. AND ITS WHOLLY-OWNED SUBSIDIARY FLEXFAB LLC et al, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER, <br><br> Defendants. | Ct. No. 20-3350 |

| | |
|---|---|
| HMTX INDUSTRIES LLC, HALSTEAD NEW ENGLAND CORP., METROFLOR CORPORATION, AND JASCO PRODUCTS COMPANY LLC,<br><br>                          Plaintiffs,<br><br>            v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER,<br><br>                          Defendants. | Ct. No. 20-177 |
| YC RUBBER CO. (NORTH AMERICA) LLC<br><br>                          Plaintiff,<br><br>            v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER,<br><br>                          Defendants. | Ct. No. 20-179 |

| | |
|---|---|
| APEX TOOL GROUP, LLC<br><br>                                    Plaintiff,<br><br>                    v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER,<br><br>                                    Defendants. | Ct. No. 20-187 |

## RESPONSE AND OPPOSITION TO THE MOTION OF THE UNITED STATES FOR CASE MANAGEMENT PROCEDURES

Counsel for the above-captioned Plaintiffs in Case Nos. 20-1148 (GHSP, Inc.) and 20-3152 (Brose NA et al.), hereby joins and adopts the Response and Opposition to the Motion of the United States for Case Management Procedures in *HMTX Industries LLC v. United States et al.*, Case No. 20-00177 filed by counsel for Plaintiffs in *3A Composites USA Inc. et al.*, Case No. 20-1646 and *Flexfab Horizons International, Inc*. et al., Case No. 20-3350.  As with 3A Composites and Flexfab Horizons, this Response is being filed in the first two cases captioned above on behalf plaintiffs GHSP and Brose, as well as all of the other cases captioned above, including *HMTX Industries LLC v. United States et al*., Case No. 20-00177 ("HMTX case"), due to the highly irregular and procedurally defective filing by the U.S. Department of Justice ("DOJ").

The Government's Motion is procedurally defective in that it was not served on any of the other plaintiffs who have filed cases related to the HMTX case as required by the rules of this

4

Court.  See, USCIT Rules 5(a) ("Unless these rules provide otherwise, or by order of the court, all pleadings and other papers must be served on every party").  DOJ does not appear to have even attempted to perfect service of the Motion by any of the alternate means provided by the Court's Rules, such as electronic service through the Court's transmission facilities, as allowed by Rule 5(b)(3), or a method prescribed by Court order, Rule 5(a).  Counsel only learned of the Government's Motion by seeing a reference to it in a paid subscription trade newsletter article about the Section 301 List 3 and 4A cases (World Trade Online, Sept. 24, 2020).  As a consequence of Defendants' defective service of its Motion, the Motion should be struck and Defendants ordered to refile it in compliance with the Court's Rules or simply denied.

Plaintiffs GHSP and Brose are in full agreement with the substance of the Government's motion that these "Section 301 Duty Refund cases" will require case management procedures, likely similar to those that were employed in the Harbor Maintenance Tax Refund cases (U.S. Shoe, Inc. v. U.S.) and that a conference to discuss and establish such procedures should be convened at the earliest opportunity.  Plaintiffs, however, strongly object to Defendants' proposal for the court to summarily choose the three "first filed" cases as the lead or test cases and their counsel as the Plaintiffs' Steering Committee for all of the thousands of cases filed.

To determine which case or cases should be designated as the lead or test cases, the Court and all counsel involved must identify the cases that best represent all of the issues raised by all plaintiffs that would support invalidating the List 3 and 4A duties and justify their refund.  At this time it cannot be known with any certainty which cases, if any, do that.  GHSP and Brose, for example, have adopted all of the issues raised by HTMX, albeit with some editing and reframing, but have alleged an additional issue that the List 3 and 4A additional duties were in fact revenue collection measures and, therefore, were unlawful and unconstitutional.  *See, GHSP v U.S.*, Complaint, Case No. 20-1148, Dkt #2 and *Brose NA et al., v. U.S.*, Complaint, Case No.

5

20-3152, Dkt. # 2.

Given the daunting number of cases filed, many with multiple plaintiffs, there should be no question that a Plaintiffs' Counsel Steering Committee will be needed to develop and coordinate the litigation strategy in these cases.  In constituting that Steering Committee, however, all interested counsel should be given the opportunity to first express their interest and willingness to serve and explain how their being selected would advance the cause and progress of this litigation.  Based on past experience, it is likely that many parties and their counsel will opt for allowing some other case and their counsel to take the lead.  It should not be assumed, however, that the most representative designation of lead or test cases and the composition of the Steering Committee will come from just the so-called first filers.

If the Government's Motion is not struck and ordered to be refiled with notice and service to all plaintiffs and/or their counsel with time to respond reset accordingly, then it should be denied.  It is essential to the fair adjudication of all Section 301 Duty Refund cases, that all plaintiffs and their counsel be given some opportunity to comment on the Case Management Procedures that will govern these cases.

          Respectfully submitted,

          *Paulsen K. Vandevert*
          _____
          Paulsen K. Vandevert
          Vandevert Trade Law PLC
          *Counsel to Plaintiffs*