UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| HMTX INDUSTRIES LLC, <br> HALSTEAD NEW ENGLAND CORPORATION, <br> METROFLOR CORPORATION, and <br> JASCO PRODUCTS COMPANY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; <br> OFFICE OF THE UNITED STATES TRADE <br> REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. <br> TRADE REPRESENTATIVE; U.S. CUSTOMS & <br> BORDER PROTECTION; MARK A. MORGAN, U.S. <br> CUSTOMS & BORDER PROTECTION ACTING <br> COMMISSIONER, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Court No. 20-00177 |

## PLAINTIFFS' MOTION FOR A THREE-JUDGE PANEL

Pursuant to 28 U.S.C. § 255 and U.S. Court of International Trade Rule 77(e)(2), Plaintiffs HMTX Industries LLC, Halstead New England Corporation, Metroflor Corporation, and Jasco Products Company LLC ("Plaintiffs") respectfully move the Court to assign this matter to a three-judge panel. Defendants have informed Plaintiffs that they oppose this motion and intend to file a response. For the following reasons, the Court should grant Plaintiffs' motion.

## ARGUMENT

Congress has authorized the Chief Judge to assign an action to a three-judge panel if it "(1) raises an issue of the constitutionality of an Act of Congress, a proclamation of the President or an Executive order; or (2) has broad or significant implications in the administration or interpretation of the customs laws." 28 U.S.C. § 255(a); *see* USCIT R. 77(e)(2) (same). The ultimate decision "concerning the appointment of a three-judge panel fall[s] within the sound

1

discretion of the chief judge." *Sony Elecs. Inc. v. United States*, 143 F. Supp. 2d 970, 973 (Ct. Int'l Trade 2001) (Carman, C.J.). That discretion is guided by three factors: (1) whether "the issues presented satisfy either of the two statutory criterion set forth in 28 U.S.C. § 255(a)"; (2) whether the plaintiff has "demonstrate[d] facts which would warrant a finding that the action presents a question of such an exceptional nature as to require the designation of a three-judge panel"; and (3) "whether the benefits and advantages of a decision by a three-judge panel outweigh the benefits derived from the more efficient utilization of judicial resources provided by a single judge." *Id.* (citations omitted); *accord Flint Hills Res., LP v. United States*, 764 F. Supp. 2d 1336, 1337 (Ct. Int'l Trade 2011) (Pogue, C.J.). All three considerations weigh in favor of three-judge-panel review.

### 1. Plaintiffs' Action Satisfies the Statutory Criterion of Having Broad or Significant Implications

As indicated by the response Plaintiffs' action has generated, Plaintiffs' action plainly has "broad or significant implications in the administration or interpretation of" Sections 301, 304, and 307 of the Trade Act of 1974 ("the Trade Act"), 19 U.S.C. §§ 2411, 2414, and 2417.

This case involves Defendants' "prosecution of an unprecedented, unbounded, and unlimited trade war impacting over $500 billion in imports from the People's Republic of China" on authority purportedly conferred to them under the Trade Act. Am. Compl. ¶¶ 1, 2. Yet neither this Court nor any other has addressed the scope and application of that authority in the context of a trade war with a foreign country. This case thus raises a significant issue of first impression: whether Defendants may prosecute a trade war—including a series of escalations in response to retaliatory countermeasures—based on a limited investigation conducted pursuant to Section 301 of the Trade Act. More specifically, this action challenges the limits of Defendants' modification authority under Section 307 of the Trade Act, including whether that authority can be used to

ratchet up tariffs in response to retaliation even in the absence of new investigatory findings by USTR.

Those novel questions have "broad or significant implications" in the administration of the customs laws, 28 U.S.C. § 255(a)(2), including the Executive Branch's power to take similar measures in the future. Although Plaintiffs do not assert a constitutional claim, *see id.* § 255(a)(1), this action also implicates significant issues of congressional and presidential authority, as well as principles of constitutional avoidance. Plaintiffs' action therefore satisfies the statutory standard. *See Fundicao Tupy S.A. v. United States*, 652 F. Supp. 1538, 1543 (Ct. Int'l Trade 1987) (Re, C.J.) (granting motion to assign an action to three-judge panel where the dispute involved issues of first impression and "the scope and application" of the statute at issue "raise[d] sufficiently significant questions of law within the meaning of section 255(a) to warrant the designation of a three-judge panel of this Court to hear and determine the case").

### 2. Plaintiffs' Action Raises a Question of an Exceptional Nature

This action also presents a question of such an exceptional nature as to necessitate the designation of a three-judge panel. For one thing, the scope of the challenged action is immense: Defendants have imposed enhanced duties of 10% to 25% on the vast majority of imports that enter the United States from China. Am. Compl. ¶ 28. Defendants have already imposed additional duties on over $300 billion in imports from China covered by List 3 and List 4A (*id.* at ¶¶ 28-62, 75), which together affect more than 10% of all U.S. global imports. *See id.* at ¶¶ 28, 75; *see also* U.S. CENSUS BUREAU, *Annual Trade Highlights*, https://www.census.gov/foreign-trade/statistics/highlights/annual.html. Needless to say, those duties have affected countless U.S. companies that import such products and pay the additional duties. Am. Compl. ¶¶ 48, 59. Defendants received nearly 10,000 comments on the proposed actions resulting in List 3 and List

4A.  *Id.* at ¶¶ 3, 40, 53.  Those actions have also impacted virtually all U.S. consumers, who have borne the brunt of these duties as they are passed through in the form of higher retail prices.  *Id.*

Indeed, the exceptional nature of this challenge is amply demonstrated by the unprecedented response from the U.S. business community.  As this Court knows, since this action was commenced, over 3,500 suits (involving an even greater number of individual businesses) have raised similar claims with this Court.  The Court's decision in this case will determine the lawfulness of Defendants' actions for thousands of plaintiffs and countless other interested parties.  A three-judge panel will therefore help determine—in a uniform, authoritative, and consistent manner—whether Defendants lawfully promulgated List 3 and List 4A.  *See, e.g.*, *Fundicao Tupy*, 652 F. Supp. at 1541 ("[T]he authority conferred upon the chief judge in section 255 embodies the congressional policy determination that a decision rendered by a three-judge panel contributes to the uniform interpretation and application of the nation's international trade laws" because such three-judge consideration "fosters a fuller judicial consideration of the case."); *id.* at 1542 ("[T]he consolidated view of a three-judge panel will reflect an institutional consensus, [and the panel's] decision is likely to be more acceptable and persuasive to individual judges of this Court as well as judges of the Court of Appeals for the Federal Circuit who may be faced with a similar issue.").

Notably, the harbor maintenance tax ("HMT") litigation, which also involved thousands of lawsuits, was assigned to a three-judge panel for resolution of the merits issues.  *U.S. Shoe Corp. v. United States*, No. 94-11-00668, Docket No. 3 (Ct. Int'l Trade 1994) (Re, C.J.).  Several recent matters of similar importance have also been assigned to three-judge panels.  In *Transpacific Steel LLC v. United States*, for example, a three-judge panel of this Court addressed whether the President exceeded his authority under Section 232 of the Trade Expansion Act of 1962.  No. 19-009, 2020 WL 3979838 (Ct. Int'l Trade July 14, 2020); *see* No. 19-009, Docket No. 11 (Ct. Int'l

Trade Feb. 14, 2019) (assigning action to three-judge panel consisting of Judges Kelly, Katzmann, and Restani). The Court likewise recently determined *sua sponte* that another series of challenges to the President's authority under Section 232 warranted three-judge consideration. *See, e.g.*, *PrimeSource Building Products, Inc. v. United States*, No. 20-032, Docket No. 54 (Ct. Int'l Trade Mar. 12, 2020) (assigning action to three-judge panel consisting of Chief Judge Stanceu and Judges Choe-Groves and Baker). Both of those actions challenged whether the defendants acted in excess of the authority conferred to them, just as Plaintiffs' action does here. In addition, both *Transpacific* (which involves steel imports from Turkey) and *PrimeSource* (which involves imports of downstream aluminum and steel products) concerned a much smaller volume of trade—in terms of product scope, quantity, and value—than this action. In view of the much greater impact that this litigation will have on U.S. trade, Plaintiffs respectfully request assignment to a three-judge panel as well.

### 3. The Benefits of Three-Judge Panel Review Outweigh Any Advantages Gained from a Decision by a Single Judge

The benefits and advantages of a decision by a three-judge panel in this dispute would far outweigh any benefits derived from a single judge presiding over the action. As noted, this unprecedented action involves the rights of thousands of businesses, billions of dollars in accruing annual duties, significant questions of Executive and Legislative Branch authority, and intense nationwide and global interest. There is obvious benefit to having the important questions at issue decided by a three-judge panel.

By contrast, there are no obvious disadvantages to assigning this case to a three-judge panel. Plaintiffs' complaint was filed just 20 days ago, and court proceedings (beyond filing of initial procedural motions) have not yet commenced. This case has not already been assigned to a single judge, *see Cemex, S.A. v. United States*, 765 F. Supp. 745, 750 (Ct. Int'l Trade 1991)

5

(Carman, Acting C.J.), nor has a single judge already presided over cases dealing with the same issues, *see Sony Elecs.*, 143 F. Supp. 2d at 977. To the extent that the Court concludes that a single judge is better equipped for case-management issues, this Court can simply follow the precedent established in the HMT litigation: assign case-management responsibilities to a single judge while leaving the significant merits issues to be decided by a three-judge panel. *See generally U.S. Shoe Corp. v. United States*, No. 94-11-00668 (Ct. Int'l Trade 1994).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court assign this matter to a three-judge panel.

Respectfully submitted,

 /s/ Matthew R. Nicely
Matthew R. Nicely
Pratik A. Shah
James E. Tysse
Devin S. Sikes
Daniel M. Witkowski
Sarah B. W. Kirwin

Dated:  September 30, 2020

AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, D.C. 20006

*Counsel to Plaintiffs HMTX Industries LLC, Halstead New England Corporation, Metroflor Corporation, and Jasco Products Company LLC*

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | : | |
|---|---|---|
| HMTX INDUSTRIES LLC, | : | |
| HALSTEAD NEW ENGLAND CORPORATION, and | : | |
| METROFLOR CORPORATION, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Court No. 20-00177 |
| | : | |
| UNITED STATES OF AMERICA; | : | |
| OFFICE OF THE UNITED STATES TRADE | : | |
| REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. | : | |
| TRADE REPRESENTATIVE; U.S. CUSTOMS & | : | |
| BORDER PROTECTION; MARK A. MORGAN, U.S. | : | |
| CUSTOMS & BORDER PROTECTION ACTING | : | |
| COMMISSIONER, | : | |
| | : | |
| Defendants. | : | |

### **PROPOSED ORDER**

Upon consideration of Plaintiffs' Motion for a Three-Judge Panel and all other pertinent papers, it is hereby

**ORDERED** that Plaintiffs' Motion is **GRANTED**; and

**ORDERED** that Court No. 20-00177 is assigned to a three-judge panel whose composition will be determined at a later date.

Dated: _____
New York, NY

_____
Chief Judge Timothy C. Stanceu