**UNITED STATES COURT OF INTERNATIONAL TRADE**

Before: Unassigned

| | |
|---|---|
| SCHROEDER INDUSTRIES LLC,<br><br>                       Plaintiff,<br><br>           v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER,<br><br>                     Defendants. | Court. No. 20-cv-03175 |

| | |
|---|---|
| HYDAC TECHNOLOGY CORP.,<br><br>                       Plaintiff,<br><br>            v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER,<br><br>                     Defendants. | Court. No. 20-cv-03381 |

SEDIVER USA, INC.,

                              Plaintiff,

                  v.                              Court. No. 20-cv-03419

UNITED STATES OF AMERICA; OFFICE OF
THE UNITED STATES TRADE
REPRESENTATIVE; ROBERT E.
LIGHTHIZER, U.S. TRADE
REPRESENTATIVE; U.S. CUSTOMS &
BORDER PROTECTION; and MARK A.
MORGAN, U.S. CUSTOMS & BORDER
PROTECTION ACTING COMMISSIONER,


GRANDVIEW GALLERY, LLC,

                              Plaintiff,

                  v.                              Court. No. 20-cv-03442

UNITED STATES OF AMERICA; OFFICE OF
THE UNITED STATES TRADE
REPRESENTATIVE; ROBERT E.
LIGHTHIZER, U.S. TRADE
REPRESENTATIVE; U.S. CUSTOMS &
BORDER PROTECTION; and MARK A.
MORGAN, U.S. CUSTOMS & BORDER
PROTECTION ACTING COMMISSIONER,

                              Defendants.

TAOGLAS USA, INC.,

                                    Plaintiff,

            v.                                              Court. No. 20-cv-03458

UNITED STATES OF AMERICA; OFFICE OF
THE UNITED STATES TRADE
REPRESENTATIVE; ROBERT E.
LIGHTHIZER, U.S. TRADE
REPRESENTATIVE; U.S. CUSTOMS &
BORDER PROTECTION; and MARK A.
MORGAN, U.S. CUSTOMS & BORDER
PROTECTION ACTING COMMISSIONER,

                                    Defendants.

MBI, INC.,

                                    Plaintiff,

            v.                                              Court No. 20-cv-0345850

UNITED STATES OF AMERICA; OFFICE OF
THE UNITED STATES TRADE
REPRESENTATIVE; ROBERT E.
LIGHTHIZER, U.S. TRADE
REPRESENTATIVE; U.S. CUSTOMS &
BORDER PROTECTION; and MARK A.
MORGAN, U.S. CUSTOMS & BORDER
PROTECTION ACTING COMMISSIONER,

                                    Defendants.

| 3A COMPOSITES USA INC. et al, | |
|---|---|
| Plaintiff, | |
| v. | Court. No. 20-cv-01646 |
| UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER, | |
| Defendants. | |

| FLEXFAB HORIZONS INTERNATIONAL INC. AND ITS WHOLLY-OWNED SUBSIDIARY FLEXFAB LLC et al, | |
|---|---|
| Plaintiff, | |
| v. | Court. No. 20-cv-03350 |
| UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER, | |
| Defendants. | |

HMTX INDUSTRIES LLC, HALSTEAD NEW
ENGLAND CORP., METROFLOR
CORPORATION, AND JASCO PRODUCTS
COMPANY LLC,

                         Plaintiffs,

          v.

UNITED STATES OF AMERICA; OFFICE OF        Court No. 20-cv-00177
THE UNITED STATES TRADE
REPRESENTATIVE; ROBERT E.
LIGHTHIZER, U.S. TRADE
REPRESENTATIVE; U.S. CUSTOMS &
BORDER PROTECTION; and MARK A.
MORGAN, U.S. CUSTOMS & BORDER
PROTECTION ACTING COMMISSIONER,

                         Defendants.

## RESPONSE AND OPPOSITION TO THE MOTION OF THE UNITEDSTATES FOR CASE MANAGEMENT PROCEDURES

On behalf of the above-captioned plaintiffs in Case Nos. 20-cv-03175 [Schroeder Industries LLC ("Schroeder")], 20-cv-03381 [HYDAC Technology Corp. ("HYDAC")], 20-cv-03419 [Sediver USA, Inc.("Sediver")], 20-cv-03442 [Grandview Gallery, LLC ("Grandview")], 20-cv-03442 [Taoglas USA, Inc. ("Taoglas")], and 20-cv-03484 [MBI, Inc. ("MBI")] (collectively, the "Plaintiffs"), we hereby file this submission (the "Response") in order to join and adopt the Response and Opposition to the Motion of the United States for Case Management Procedures in HMTX Industries LLC et al. v. United States et al., Case No. 20-cv-00177 that was filed by counsel for Plaintiffs in 3A Composites USA Inc. et al. v. United States et al., Case No. 20-cv-1646 ("3A Composites") and Flexfab Horizons International, Inc. et al. v. United States et al., Case No. 20-cv-3350 ("Flexfab Horizons") (copy attached as Exhibit 1).   As with 3A Composites and Flexfab Horizons, this Response is being filed in the first six cases captioned

5

above on behalf the Plaintiffs, as well as all of the other cases captioned above, including <u>HMTX</u> <u>Industries LLC v. United States et al.</u>, Case No. 20-cv-00177 (the "HMTX Case"), due to the highly unusual and procedurally defective filing by the U.S. Department of Justice ("DOJ") on behalf of the Defendants in the HMTX Case (the "Defendants' Motion").

Defendants' Motion is procedurally defective in that it was not served on any of the Plaintiffs in any of the above-captioned cases or on any other plaintiffs who have filed cases related to the HMTX Case, as required by the rules of this Court.  <u>See</u> USCIT Rule 5(a) (stating in pertinent part "Unless these rules provide otherwise, or by order of the court, all pleadings and other papers must be served on every party").  The DOJ does not appear to have even attempted to perfect service of Defendants' Motion by any of the alternate means provided by the Court's Rules, such as electronic service through the Court's transmission facilities, as allowed by USITC Rule 5(b)(3), or any method prescribed by Court order pursuant to USITC Rule 5(a).  Counsel to Plaintiffs only learned of the Defendants' Motion by seeing a reference to it in the trade press.  As a result of this defective service, Defendants' Motion should be struck and Defendants ordered to re-file it in compliance with the Court's Rules or simply be denied as improperly filed.

The Plaintiffs are in full agreement with the substance of the Government's motion that these "Section 301 Duty Refund cases" will require case management procedures, likely similar to those that were employed in the Harbor Maintenance Tax Refund cases (<u>U.S. Shoe, Inc. v.</u> <u>United States</u>) and that a conference to discuss and establish such procedures should be convened at the earliest opportunity. Plaintiffs, however, strongly object to Defendants' proposal for the court to summarily choose the three "first filed" cases as the lead or test cases and their counsel as the Plaintiffs' Steering Committee for all of the thousands of cases filed.

In order to determine which case or cases should be designated as the lead or test cases, the

Court and all counsel involved must identify the cases that best represent all of the issues raised by all plaintiffs that would support invalidating the Section 301 tariffs on products on List 3 and List 4A and justify refund of such Section 301 tariffs to plaintiffs.  At this time, it cannot be known with any certainty which cases, if any, satisfy all or substantially all of the criteria.

Given the massive number of cases that have been filed, there is no question that a Plaintiffs' Counsel Steering Committee (the "Steering Committee") will be needed to develop and coordinate the litigation strategy in these cases.  In constituting the Steering Committee, however, all interested counsel should be given the opportunity to express their interest and willingness to serve and explain how their being selected would advance the cause and progress of this litigation.

For all of the foregoing reasons, if Defendants' Motion is not struck and ordered to be refiled with notice and service to all plaintiffs and/or their counsel with time to respond accordingly, then it should be denied.  In order to ensure the fair adjudication of all of the Section 301-related cases, it is critical for all plaintiffs and their counsel to be given opportunity to comment on the Case Management Procedures that will govern these cases.

Respectfully submitted,


Dated:  October 14, 2020

_/s/ Geoffrey M. Goodale_____
Geoffrey M. Goodale
Brian S. Goldstein
J. Manly Parks

DUANE MORRIS LLP
505 9th Street, NW – Suite 1000
Washington, D.C. 20004

*Counsel to Plaintiffs*

**<u>EXHIBIT 1</u>**

**Response and Opposition to the**
**Motion of the United States for Case Management Procedures**
**Filed by Counsel to Plaintiffs in Case Nos. 20-1646 and 20-3350**

# UNITED STATES COURT OF INTERNATIONAL TRADE

Before: Unassigned

| | |
|---|---|
| 3A COMPOSITES USA INC. et al,<br><br>      Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER,<br><br>      Defendants. | Ct. No. 20-1646 |

| | |
|---|---|
| FLEXFAB HORIZONS INTERNATIONAL INC. AND ITS WHOLLY-OWNED SUBSIDIARY FLEXFAB LLC et al,<br><br>      Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER,<br><br>      Defendants. | Ct. No. 20-3350 |

HMTX INDUSTRIES LLC, HALSTEAD NEW
ENGLAND CORP., METROFLOR
CORPORATION, AND JASCO PRODUCTS
COMPANY LLC,

                                    Plaintiff,

                    v.

UNITED STATES OF AMERICA; OFFICE OF
THE UNITED STATES TRADE
REPRESENTATIVE; ROBERT E.
LIGHTHIZER, U.S. TRADE
REPRESENTATIVE; U.S. CUSTOMS &
BORDER PROTECTION; and MARK A.
MORGAN, U.S. CUSTOMS & BORDER
PROTECTION ACTING COMMISSIONER,

                                    Defendants.

Ct. No. 20-177

## **RESPONSE AND OPPOSITION TO THE MOTION OF THE UNITED STATES FOR CASE MANAGEMENT PROCEDURES**

On behalf of the above-captioned Plaintiffs in Case Nos. 20-1646 and 20-3350, we
hereby file this Response and Opposition to the Motion of the United States for Case
Management Procedures in HMTX Industries LLC v. United States et al., Case No. 20-00177
("HMTX case"). We are filing this Response both in the HMTX case and in the above-
mentioned cases in which we represent other Plaintiffs, due to the nature of the highly irregular
filing by the U.S. Department of Justice ("DOJ").

We note first that the Government's Motion was not served on us or otherwise placed on
the record of the above-mentioned cases where we represent Plaintiffs, as required by the rules of
this Court. USCIT Rules 5(a) and 5(b)(1). Instead, DOJ believes that it is enough to
"respectfully ask that our motion be deemed to be filed in each of the related cases" without
filing in those cases and without service on the parties to those cases. DOJ further fails to

identify which cases it believes are those "related cases." We only became aware of this Motion late yesterday when there was a reference to it in the trade press, at which time we retrieved a copy of the Government's Motion in the <u>HMTX</u> case from the Court's docket in that separate case. There is no explanation in the Motion as to why the Government believes it needs to rush to put the procedures it suggests in place, or why its failure to follow the Court's rules is justified. Based on the failure of the Government to properly serve and file its Motion we believe that the Motion should be summarily denied as improperly filed.

With regard to the substance of the Government's Motion, we, and we assume many other counsel, fully recognize the case management issues that the Court now faces and agree that a conference should be convened to address the procedural issues. However, the designation of a test case or test cases will depend upon the nature of the complaints that have been filed, and whether all complaints are virtually identical or are different in material respects. DOJ makes no claim that it knows how similar or dissimilar the complaints are and provides no analysis for the conclusion that they should be treated alike. Moreover, without knowing the substantive similarities or differences among the cases, it is premature to select which attorneys should be on any steering committee. In our view, any conference on these matters should not be scheduled until at least 10 days from today in order to give counsel sufficient time to review and analyze all of the issues in the complaints in an organized fashion, so that counsel can have a fruitful and fact-based discussion of the appropriate procedures for managing this group of cases.

In short, while we agree that there will need to be special procedures put in place for this group of cases, the Government's rush to put procedures in place without full input of all of the parties to the cases, and without full consideration of the facts, should be rejected. Thus, the Government Motion should be denied.

Respectfully submitted,

_____
Jeffrey S. Neeley
Nithya Nagarajan
Cortney O. Morgan
Robert D. Stang
Beau Jackson
Stephen W. Brophy
Joseph S. Diedrich

Husch Blackwell LLP
*Counsel to Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Geoffrey M. Goodale, hereby certify that on October 14, 2020, copies of Plaintiffs'
Response and Opposition to the Motion of the United States for Case Management Procedures
were served on the following parties by first class mail:

Matthew R. Nicely
AKIN GUMP et al.
2001 K Street, NW
Washington, D.C. 20006

Jeffrey S. Neeley
HUSCH BLACKWELL LLP
750 17th Street, NW – Suite 900
Washington, DC 20006

Attorney-In-Charge
U.S. Department of Justice
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza – Room 346
New York, NY 10278

Elizabeth Anne Speck
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Megan Grimball
Office of the General Counsel
Office of the U.S. Trade Representative
600 17th Street, NW
Washington, DC 20508

Chief Counsel Scott K. Falk
Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

 /s/ Geoffrey M. Goodale

Geoffrey M. Goodale
DUANE MORRIS LLP
505 9th Street N.W. – Suite 1000
Washington, D.C. 20004
Tel: 202-776-5211
E-mail: gmgoodale@duanemorris.com

*Counsel to Plaintiffs*