UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: TIMOTHY C. STANCEU, CHIEF JUDGE

|  |  |
|---|---|
| HMTX INDUSTRIES LLC, HALSTEAD NEW ENGLAND CORP., METROFLOR CORPORATION, and JASCO PRODUCTS COMPANY LLC, <br><br>Plaintiffs, <br><br>v. <br><br>UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER, <br><br>Defendants. | Court No. 20-00177 |

**DEFENDANTS' MOTION TO ADOPT CASE MANAGEMENT PROCEDURES, MOTION TO STAY, AND <u>RESPONSE TO PLAINTIFFS' MOTION FOR A THREE-JUDGE PANEL</u>**

Defendants, the United States of America, the Office of the United States Trade Representative (USTR), Robert E. Lighthizer, U.S. Trade Representative, U.S. Customs and Border Protection (CBP), and Mark A. Morgan, U.S. Customs and Border Protection Acting Commissioner (collectively, United States or Government), respectfully submit this motion to adopt case management procedures to administer the large and growing number of related cases initiated since September 10, 2020. We request that the Court impose these procedures in lieu of the deadlines for responding to the amended complaint filed by plaintiffs HTMX Industries LLC, Halstead New England Corporation, Metroflor Corporation, and Jasco Products Company LLC

(ECF No. 12), that are ordinarily applicable pursuant to Rule 12 of the Rules of the United States Court of International Trade (USCIT R.). We also respectfully request that the Court stay all related cases, and, if this motion is not granted by November 9, 2020, we respectfully request that it be deemed a motion for an extension of time in both this matter and all of the related cases pursuant to USCIT R. 6(c). Because this motion concerns overall case management of an unusually large volume of cases, none of which have yet been assigned to an individual judge, we file this motion before the Chief Judge.

As with our prior motion (ECF No. 20), we file this motion in the first of these cases to be filed, but we respectfully request that our motion be deemed to be filed in each of the other related cases. We have identified all of the related cases of which we are aware in the schedule attached to this motion. This motion also includes a response to plaintiffs' motion for a Three-Judge Panel (ECF No. 26).

All of these cases challenge tariffs imposed by USTR at the direction of the President in the Section 301 investigation concerning China. *See Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 47,974 (Sept. 21, 2018) (List 3); *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related* Case *to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 43,304, Annex A (Aug. 20, 2019) (List 4A). Specifically, based upon our review of the complaints, plaintiffs in all of these cases contest additional tariffs imposed by "List 3" or "List 4A" (the lists) on the grounds that the action was allegedly unauthorized by Section 301 of the Trade Act of 1974, as amended (codified at 19 U.S.C. §§ 2411-2420).

Our prior motion requested generally that the Court adopt case management procedures. This motion provides specific proposals for case management for the Court's consideration. Prior to filing, we have shared a draft of this motion with counsel for first three attorneys to file complaints and appreciate their feedback, which has caused us to modify some of our proposals. As acknowledged in our prior motion, we also assume that plaintiffs will have case management proposals of their own. We are available at any time to discuss case management with the Court or representatives of the plaintiffs, with the goal of streamlining the costs and burdens on the Court and the parties litigating this large group of related cases.

Based upon our experience with mass litigation in this and other Courts, we respectfully request that the Court adopt the following case management procedures.[1]

- **Automatic Stay**: We respectfully request that the Court automatically stay all pending cases identified in the attachment to this motion challenging the modification of the 301 action to include imposing additional tariffs on List 3 and List 4A, except for one or more "test cases," which we discuss further below. This stay would not include motions to correct or amend pleadings to correct errors and ensure proper filing. Also, we respectfully request that the Court order that, in order to be released from the stay, the plaintiff must make a showing of good cause. We respectfully request that the Court post its order on the Court's website. Further, prior to being released from the stay, the plaintiff must consult with the Plaintiffs' Steering Committee, which is discussed further below.

---

[1] These procedures are generally based on the case management procedures adopted in *United States Shoe Corp. v. United States*, 19 CIT 288 (1995).

- **Plaintiffs' Steering Committee**: We respectfully request that the Court appoint a steering committee consisting of several lead counsel for the plaintiffs. Although we leave it to plaintiffs to consult and determine which counsel should serve on the steering committee, we respectfully recommend the following attorneys to head the steering committee, which consist of the first three attorneys who filed complaints and are also well-experienced and known to the Court: Matthew Nicely of Akin Gump Strauss Hauer & Feld LLP (current President of the Customs and International Trade Bar Association); Lawrence Friedman of Barnes, Richardson & Colburn, LLP (former President of Customs and International Trade Bar Association); and Joseph M. Sparagen of Grunfeld, Desiderio Lebowitz, Silverman & Klestadt LLP.

- **Service/Notice of Filing Mechanism**: We respectfully request that the Court not require the Government to file entries of appearance in each individual case, or to file copies of documents in each individual case. Instead, we respectfully request that the Court create a tab on its website so that all parties and their counsel can have notice of any case management submission or filing in the "test case(s)" (described below) and that all filings be made in the "test case(s)" as proposed below.

- **Designation of Test Case(s)**: We respectfully request that the Court designate this case, which is the first-filed case, as the presumptive test case. Also, we respectfully request that the Court establish a deadline of 30 days from the date of the entry of this order for any plaintiffs who believe that their complaints would constitute a better or additional test case to file a request with the Court, as well as a deadline of 14 days from the deadline for plaintiffs to file their applications to be a test case plaintiff, for any responses to proposals for alternative or additional test case(s). The Court would select any additional

test case(s) within 14 days from the deadline for filing responses for alternative or additional test case(s), or by whatever date is acceptable to the Court. Plaintiffs whose cases are not selected as test cases would have the opportunity to file *amicus curiae* briefs in the test cases as described below.

- *Amicus Curiae* **Participation**: We respectfully request that the Court provide for *amicus* participation in the test case(s). We propose that, in order to participate as *amicus curiae*, plaintiffs will be required to file a notice within 30 days of the selection of any additional "test cases" that they intend to serve as *amicus curiae*. If an *amicus curiae* wishes to participate in oral argument, the notice should also include a statement to that effect. We propose that *amicus curiae* briefs be filed after the briefs filed by the test case plaintiffs, that *amicus curiae* should not be permitted to repeat arguments raised by the test case plaintiffs, and that their briefs be limited to ten (10) pages. The Government may then either file a consolidated reply to briefs from the *amicus curiae* plaintiffs or individual replies. We provide further information regarding *amicus curiae* participation in the proposed briefing schedule below.

- **Briefing Schedule**: After reviewing the allegations in the complaints, the Government respectfully requests that a briefing schedule proceed. First, we propose briefing on the Government's motion to dismiss. We respectfully submit that our motion must be decided before the Court can proceed to briefing on the merits. If the Court denies the Government's motion to dismiss, then briefing would proceed on the merits. In that case, we propose that the Court order the "test case" plaintiffs and the Government to confer regarding a briefing schedule, and file a proposed briefing schedule within 14 days of any decision on the motion to dismiss. Many of the complaints in these cases, including the

amended complaint filed in the proposed test case (ECF No. 12, at ¶¶ 73-74), allege that the USTR's promulgation of Lists 3 and 4A violated the APA, 5 U.S.C. § 706(2), on the asserted basis that they were "unsupported by substantial evidence." Thus, briefing on the merits, if required, will necessarily require briefing on the administrative record. *See* 28 U.S.C. § 2640(e); 28 U.S.C. § 2631(i); 28 U.S.C. § 2640(c); *see also In re Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C. v. United States*, 781 F. App'x 982, 988 (Fed. Cir. 2019) (rejecting plaintiffs' request for mandamus relief based on trial court order permitting the Government to file a record in a case proceeding under 28 U.S.C. § 1581(i)). Thus, we propose the following schedule for briefing on the Government's motion to dismiss, and identify the filings that should be contained, if necessary, in any proposed briefing schedule for briefing on the merits:

**Briefing Addressing Government's Motion to Dismiss**

| FILING | DATE |
|---|---|
| **Government files motion to dismiss for failure to state a claim upon which relief can be granted** | **60 days after the selection of test case(s)** |
| **Test Case Plaintiffs file their opposition and response** | **60 days after the Government files its motion to dismiss** |
| *Amicus* **Plaintiffs file their opposition and response** | **30 days after the Test Case Plaintiffs file their responses to the Government's motion to dismiss** |
| **Government replies to the opposition and response of Test Case Plaintiffs** | **30 days after *Amicus* Plaintiffs file their responses to the Government's motion to dismiss** |
| **Government replies to opposition and response of *Amicus* Plaintiffs** | **30 days after the Government files its reply to the Test Case Plaintiffs' response to the Government's motion to dismiss** |
| **Oral Argument** | **TBD** |

**Merits Briefing**

| FILING | DATE |
|---|---|
| **Government files administrative record and answer to the Test Case complaints** | **TBD** |
| **Test Case Plaintiffs file motion for judgment on the agency record** | **TBD** |
| *Amicus* **Plaintiffs file their briefs in support of Test Case Plaintiffs' motion** | **TBD** |
| **Government files opposition and response to motion for judgment on the agency record of Test Case Plaintiffs** | **TBD** |
| **Government files opposition and response to briefs from** *Amicus* **Plaintiffs** | **TBD** |
| **Test Case Plaintiffs file reply in support of their motion for judgment on the agency record** | **TBD** |
| *Amicus* **Plaintiffs file their replies** | **TBD** |
| **Oral Argument** | **TBD** |

- **Three-Judge Panel**: Plaintiffs have filed a motion asking the Court to appoint a Three-Judge Panel (ECF No. 26). We do not object to the plaintiffs' motion and defer to the Court in determining whether it wishes to appoint a Three-Judge Panel to resolve the substantive claims and defenses raised in these cases. In our view, however, case management would be better handled by a single Judge than a Three-Judge Panel. We also believe that it would be beneficial if case management issues were resolved prior to convening a Three-Judge Panel so that other plaintiffs can provide input.

    Respectfully submitted,

    SCOTT G. STEWART
    Deputy Assistant Attorney General

    JEANNE E. DAVIDSON
    Director

|  |  |
|---|---|
|  | /s/ L. Misha Preheim |
|  | L. MISHA PREHEIM |
|  | Assistant Director |
|  | JUSTIN R. MILLER |
|  | Attorney-In-Charge, |
| OF COUNSEL: | International Trade Field Office |
|  |  |
| MEGAN GRIMBALL |  |
| Associate General Counsel | /s/ Elizabeth Anne Speck |
| PHILIP BUTLER | ELIZABETH ANNE SPECK |
| Associate General Counsel | Senior Trial Counsel |
| EDWARD MARCUS | SOSUN BAE |
| Assistant General Counsel | Senior Trial Counsel |
| Office of General Counsel |  |
| Office of the U.S. Trade Representative | ANN C. MOTTO |
| 600 17th Street N.W. | JAMIE L. SHOOKMAN |
| Washington, D.C., 20508 | MONICA P. TRIANA |
|  | Trial Attorneys |
| PAULA SMITH | Commercial Litigation Branch |
| Assistant Chief Counsel | Civil Division |
| EDWARD MAURER | Department of Justice |
| Deputy Assistant Chief Counsel | P.O. Box 480 |
| VALERIE SORENSEN-CLARK | Ben Franklin Station |
| Attorney | Washington, D.C. 20044 |
| Office of the Assistant Chief Counsel | Tel:  202-307-0369 |
| International Trade Litigation | Fax:  202-514-1059 |
| U.S. Customs and Border Protection | elizabeth.speck@usdoj.gov |
| 26 Federal Plaza, Room 258 |  |
| New York, NY 10278 |  |
|  |  |
| October 19, 2020 | *Attorneys for Defendants* |

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: TIMOTHY C. STANCEU, CHIEF JUDGE

|  |  |
|---|---|
| HMTX INDUSTRIES LLC,<br>HALSTEAD NEW ENGLAND CORP.,<br>METROFLOR CORPORATION, and<br>JASCO PRODUCTS COMPANY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>OFFICE OF THE UNITED STATES TRADE<br>REPRESENTATIVE; ROBERT E. LIGHTHIZER,<br>U.S. TRADE REPRESENTATIVE;<br>U.S. CUSTOMS & BORDER PROTECTION; and<br>MARK A. MORGAN, U.S. CUSTOMS & BORDER<br>PROTECTION ACTING COMMISSIONER,<br><br>Defendants. | Court No. 20-00177 |

**ORDER**

Upon consideration of the Government's Motion to Adopt Case Management Procedures and Motion To Stay, Plaintiffs' response thereto and all other pertinent papers, it is hereby

**ORDERED** as follows:

1. The Government's Motion for Adoption of Case Management Procedures is **GRANTED**.

2. All pending cases identified in the attached schedule challenging the modification of the action brought against China pursuant to Section 301 of the Trade Act of 1974, as amended, are stayed pending resolution of "test case" or "test cases" or other further direction from the Court. This stay does not include motions to correct or amend pleadings to correct errors and

ensure proper filing.  Plaintiffs shall have the opportunity to be released from this automatic stay.  In order to be released from the automatic stay, a plaintiff shall:  (a) consult in advance with the Plaintiffs' Steering Committee, and (b) make a showing of good cause.  Such filings shall be made on the docket of the "test case," as set forth below.

3. A Plaintiffs' Steering Committee is appointed, which shall be led by _____, _____, and _____.  These members shall confer and appoint additional members as necessary.

4. The Government is relieved of its obligation to file entries of appearance or individual filings in any cases other than the "test case" or "test cases" referenced below.  The Court will create a tab on its website so that all parties and their counsel can have notice of any filing in the "test case" or "test cases."

5. *HMTX Industries, LLC, et al., v. United* States, No. 20-177, is hereby designated as a "test case."  Any other plaintiff who believes that its case qualifies as a "test case" either with, or in lieu of, the first-filed "test case," shall file its application with the Court no later than 30 days from the date of the entry of this order.  Such filings shall be entered on the docket of the first "test case."  Any responses to proposals for alternative or additional test cases would be due 14 days after plaintiffs file their applications to be "test case" plaintiffs.  The Court shall select any additional "test cases" within 14 days after the responses are filed.  Plaintiffs whose cases are not selected as "test cases" shall have the opportunity to file *amicus curiae* briefs as described below.

6. Any party who wishes to participate as *amicus curiae* must file a notice to that effect within 30 days of the date of the selection of the "test cases."  The notice shall also state whether the *amicus curiae* intend to participate at oral argument.  *Amicus curiae* shall be permitted to file briefs, but those briefs cannot repeat arguments raised by the "test case"

plaintiffs and shall be limited to ten (10) pages.  Defendants shall file separate briefs responding to the arguments of "test case" plaintiffs and *amicus curiae* plaintiffs.  Defendants may either file a consolidated response to the briefs of all *amicus curiae* plaintiffs or may file individual responses.

       7.  Briefing for the "test case" and any additional "test cases" shall proceed in two "rounds."  "Round 1" will consist of briefing the Government's motion to dismiss pursuant to United States Court of International Trade Rule (USCIT R.) 12(b)(6), based upon the schedule below.  If the Court denies the Government's motion, then briefing would proceed with "Round 2" on the merits, which will include the filing of an administrative record.

The Court adopts the following schedule for briefing Round 1:

| FILING | DATE |
|---|---|
| **Government files motion to dismiss for failure to state a claim upon which relief can be granted** | **60 days after the selection of test case(s)** |
| **Test Case Plaintiffs file their opposition and response** | **60 days after the Government files its motion to dismiss** |
| ***Amicus* Plaintiffs file their opposition and response** | **30 days after the Test Case Plaintiffs file their responses to the Government's motion to dismiss** |
| **Government replies to the opposition and response of Test Case Plaintiffs** | **30 days after the *Amicus* Plaintiffs file their responses to the Government's motion to dismiss** |
| **Government replies to opposition and response of *Amicus* Plaintiffs** | **30 days after the Government files its reply to the Test Case Plaintiffs' response to the Government's motion to dismiss** |
| **Oral Argument** | **TBD** |

The Court will set a date for oral argument once all briefs have been submitted.

If the Court denies the Government's motion to dismiss, then the plaintiffs for the "test cases" and the Government shall submit a proposed briefing schedule within 14 days of the Court's decision. Any proposed schedule for "Round 2" shall consist of the following deadlines:

4

| FILING | DATE |
|---|---|
| **Government files administrative record and answer to the Test Case complaints** | **TBD** |
| **Test Case Plaintiffs file response** | **TBD** |
| **Amicus Plaintiffs file their briefs** | **TBD** |
| **Government files opposition and response to motion f filed by Test Case Plaintiffs** | **TBD** |
| **Government files opposition and response to motion by *Amicus* Plaintiffs** | **TBD** |
| **Test Case Plaintiffs file replies in support of their motion** | **TBD** |
| ***Amicus* Plaintiffs file their replies** | **TBD** |
| **Oral Argument** | **TBD** |

8. The Court defers ruling on plaintiffs' request for a Three-Judge Panel, and appoints Judge _____ for purposes of case management.

Dated: _____, 2020                    _____
New York, New York                                          CHIEF JUDGE