## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| *In Re* Section 301 Cases | Court No. 21-cv-00052-3JP |
| HMTX INDUS. LLC, HALSTEAD NEW ENGLAND CORP., METROFLOR CORP., AND JASCO PRODS. CO. LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, JAMIESON GREER, U.S. TRADE REPRESENTATIVE, U.S. CUSTOMS AND BORDER PROTECTION, AND RODNEY S. SCOTT, U.S. CUSTOMS AND BORDER PROTECTION COMMISSIONER, <br><br> Defendants. | Before: Mark A. Barnett, Claire R. Kelly, and Jennifer Choe-Groves, Judges <br><br><br> Court No. 20-cv-00177-3JP |

### ORDER

The court has received the U.S. Court of Appeals for the Federal Circuit's mandate in Appeal No. 2023-1891. To facilitate the resolution of all cases involving claims arising from and seeking relief relating to tariffs announced or imposed on products covered by Lists 3, 4A, and 4B pursuant to Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411, assigned to this panel and which invoke the court's jurisdiction pursuant to 28 U.S.C. § 1581(i) ("Section 301 Cases"), it is hereby **ORDERED**:

Court Nos. 20-cv-00177-3JP, 21-cv-00052-3JP                                     Page 2

*Status Report(s)*.  The court understands that the deadline for filing a petition for a writ of certiorari ("petition") before the Supreme Court of the United States in reference to the above-captioned cases is December 24, 2025.  Plaintiffs in *HMTX Industries LLC v. United States*, Court No. 20-cv-00177 ("*HMTX*"), shall file a status report, as necessary, regarding any of the following actions:

1.  HMTX Plaintiffs shall inform the court of the filing of any such petition, within seven days after filing the petition.

2.  If no petition is filed, HMTX Plaintiffs shall inform the court on or before December 31, 2025, that they do not intend to seek further judicial review.

3.  If an extension of time is requested but not yet ruled on by December 31, 2025, HMTX Plaintiffs must inform the court of that request.

4.  In the event they obtain an extension of time to file a petition, HMTX Plaintiffs must inform the court within seven days of any extension, or by December 31, 2025, whichever is earlier.  Furthermore, if an extension is granted, HMTX Plaintiffs also must file a status report within seven days of the extended deadline informing the court whether they have filed a petition.

HMTX Plaintiffs must file any status reports in both *HMTX* and *In Re Section 301 Cases* ("the Master Case").

*Petition Filed*.  If HMTX Plaintiffs indicate they have filed a petition, the provisions set forth in the Standard Procedural Orders filed in the Master Case, and as applicable, relevant Administrative Orders, including the stay of all Section 301 Cases (with the exception of *HMTX*), will remain in effect until further instruction from the court.  Other Plaintiffs that nevertheless wish to dismiss their respective cases should proceed in

accordance with the requirements set forth in USCIT Rule 41(a)(1)(A)(ii) utilizing USCIT Form 8A, including a stipulation of dismissal signed by all parties who have appeared in the individual action.[1]

*No Petition Filed*.  If Plaintiffs indicate they have not filed a petition, the court will issue orders as appropriate to govern further proceedings in the Section 301 Cases. Those orders will establish a deadline for parties to indicate their intention to litigate alternative or additional claims raised in their complaints and provide a streamlined process for the dismissal of cases not otherwise identified for further litigation.[2]

Dated: <u>December 3, 2025</u>            <u>/s/ Mark A. Barnett</u>
     New York, New York            Chief Judge Mark A. Barnett
                        For the Panel

---

[1] Pursuant to Standard Procedure Order No. 21-01, Defendant's filing of a Master Answer in the Master Case constitutes an answer in each Section 301 case assigned to the panel.  Thus, Plaintiffs in the assigned cases must use Form 8A for dismissals.

[2] While this order does not apply to the unassigned Section 301 cases subject to automatic stay pursuant to Administrative Order 21-02, it is expected that the Chief Judge will establish similar procedures for further litigating or dismissing those cases at the appropriate time.  Plaintiffs that wish to dismiss their cases in advance of such procedures are reminded that they may proceed in accordance with USCIT Rule 41(a)(1)(A)(i) and utilize USCIT Form 7A because no answer has been filed in the unassigned Section 301 cases.